IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VANIA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 1:06-cv-1128-WKW** |
| | ) | |
| WILLSTAFF CRYSTAL, INC., d/b/a | ) | |
| WILLSTAFF WORLDWIDE | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

For Answer to Plaintiff's Complaint, WillStaff Crystal, Inc. d/b/a WillStaff Worldwide ("WillStaff") says as follows:

### DEFENSES

WillStaff asserts the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. WillStaff further reserves the right to assert additional defenses and/or otherwise to supplement this Answer as discovery progresses.

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

To the extent Plaintiff is complaining about events or decisions that occurred more than 180 days before her EEOC charge, she has failed to satisfy conditions precedent to filing suit as to some or all of her claims.

### FOURTH DEFENSE

To the extent Plaintiff waited more than 90 days to file suit after receiving her Notice of Right to Sue from the EEOC, some or all of her claims are time-barred.

### FIFTH DEFENSE

To the extent Plaintiff raises issues which are not like or related to her charge of discrimination as filed with the Equal Employment Opportunity Commission, she cannot pursue such issues under Title VII in this action.

### SIXTH DEFENSE

To the extent Plaintiff raises any claims involving incidents occurring prior to May 19, 2003 WillStaff is not liable and its predecessor in interest is the appropriate party.

### SEVENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if WillStaff was found to have considered race or any protected conduct in any decisions or actions with respect to Plaintiff, which WillStaff denies, no such decisions were motivated by Plaintiff's race or any protected conduct.

### EIGHTH DEFENSE

All decisions relating to the Plaintiff's employment and the operation of the business were made for legitimate business reasons.

### NINTH DEFENSE

All decisions concerning Plaintiff's employment and the operation of the business were made for legitimate business reasons, having nothing to do with Plaintiff's race or allegations of discrimination. Additionally, all challenged decisions were made in good faith and in conformity with applicable practices.

### TENTH DEFENSE

WillStaff specifically denies that Plaintiff's race or alleged protected conduct were factors in any employment decision or the operation of business made with respect to her. To the extent a fact finder determines otherwise, WillStaff states that it would have made the same decision with respect to Plaintiff in any event.

### ELEVENTH DEFENSE

Plaintiff's retaliation claim fails to the extent she has not engaged in a protected activity.

### TWELFTH DEFENSE

Plaintiff's claim for retaliation based on alleged protected activity fails because Plaintiff cannot establish any causal link between that activity and the acts and decisions of WillStaff about which she complains.

### THIRTEENTH DEFENSE

WillStaff denies that working conditions were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

### FOURTEENTH DEFENSE

To the extent Plaintiff failed, or refused, to report the allegations of discrimination contained in her complaint to WillStaff prior to her resignation, WillStaff is insulated

from any claim based upon constructive knowledge of any alleged discriminatory conduct and from any claim of constructive discharge.

### FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that she would be entitled to receive.

### SIXTEENTH DEFENSE

Plaintiff's claim for damages is limited to the extent she has failed or refused to mitigate her damages.

### SEVENTEENTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred by estoppel.

### EIGHTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of unclean hands.

### NINETEENTH DEFENSE

Plaintiff's claims may be barred or limited by the doctrine of after-acquired evidence.

### TWENTIETH DEFENSE

Plaintiff's claims for equitable relief may not be tried before a jury.

### TWENTY-FIRST DEFENSE

An award of punitive damages would be contrary to the good faith efforts of WillStaff to comply with the law.

### TWENTY-SECOND DEFENSE

Plaintiff has not alleged, and cannot prove, sufficient facts to justify an award of punitive damages.

### TWENTY-THIRD DEFENSE

The damages claimed by Plaintiff are, in whole or in part, subject to statutory caps.

### TWENTY-FOURTH DEFENSE

An award of punitive damages in this case would violate federal and state constitutions.

### TWENTY-FIFTH DEFENSE

Plaintiff has failed to plead, and cannot plead, any basis for the award of punitive damages which may be awarded only when a defendant acts with malice or "reckless disregard" of Plaintiff's statutory rights.

### TWENTY-SIXTH DEFENSE

WillStaff adopts all defenses authorized by the United States Supreme Court's decision in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

### TWENTY-SEVENTH DEFENSE

WillStaff adopts all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 809 (1996).

### TWENTY-EIGHTH DEFENSE

Unless expressly admitted herein, each and every allegation of Plaintiff's Complaint is denied.

## TWENTY-NINTH DEFENSE

For answer to the numbered paragraphs of Plaintiff's Complaint, WillStaff says as follows:

1.    WillStaff admits that this Court has subject matter jurisdiction over this case and that Plaintiff is alleging violations of the specified statutes and provisions, but affirmatively denies that it has violated any of them or that Plaintiff has stated a claim for relief under any or all of them.

2.    WillStaff admits Plaintiff is a United States citizen and an African-American female who worked in its Dothan, Alabama office from March 2003 until she voluntarily resigned in January 2006.    Upon information and belief, WillStaff admits Plaintiff is a resident of Alabama.

3.    WillStaff admits the allegations of paragraph 3 of the Complaint.

4.    WillStaff avers that it provides client companies with a full range of personnel services.    WillStaff further avers that its Dothan location is a full service agency, which includes handling career, short and long term, light industrial, office services, clerical, administrative, technical and sales placements.    WillStaff denies all remaining allegations of paragraph 4 of the Complaint.

5.    WillStaff admits Plaintiff was hired as a Personnel Manager in March 2003 and further admits the second sentence of paragraph 5 of the Complaint.    All remaining allegations of paragraph 5 of the Complaint are denied.

6.    WillStaff avers that Plaintiff's job duties included screening applicants for nonskilled positions, entering employees' computer data, filling clients' orders based on job qualifications, servicing existing accounts, performing some telephone marketing and assisting in processing workers compensation claims.    All remaining allegations of paragraph 6 of the Complaint are denied.

7.    WillStaff admits that Jennifer Espy (now Williams) was Plaintiff's immediate supervisor and further admits that Ms. Espy is currently the Area Sales Manager. WillStaff admits the remaining allegations of paragraph 7 of the Complaint.

8.    WillStaff denies the allegations of paragraph 8 of the Complaint.

9.    WillStaff admits that it has separate waiting areas for individuals applying for light industrial positions and those applying for career and/or office positions.    All remaining allegations of paragraph 9 of the Complaint are denied.

10.    WillStaff denies the allegations of paragraph 10 of the Complaint.

11.    WillStaff denies the allegations of paragraph 11 of the Complaint.

12.    WillStaff admits that Becky Smith, John Paul Warner, Susan Hicks, Lane Blanford and Lisa Fields held an Account Manager position during their employment. WillStaff further admits that Marianne Myers received the Staffing Specialist position in December 2005.    WillStaff denies all remaining allegations of paragraph 12 of the Complaint.

13.    WillStaff is without sufficient information or knowledge to admit or deny the first sentence of paragraph 13 of the Complaint and thus denies the same. All remaining allegations of paragraph 13 of the Complaint are denied.

14.    WillStaff admits that Plaintiff complained about her pay, but avers that these complaints were promptly addressed with Plaintiff. WillStaff denies all remaining allegations of paragraph 14 of the Complaint.

15.    WillStaff avers that it placed individuals from Jamaica who were employed by another company under the H-2B program after that company asked WillStaff to find them work. All remaining allegations of paragraph 15 are denied.

16.    WillStaff admits Plaintiff voluntarily resigned from her position in January 2006. All remaining allegations of paragraph 16 of the Complaint are denied.

17.    WillStaff adopts and incorporates by reference its responses to paragraphs 1-16 herein as if fully set out.

18.    WillStaff denies the allegations of paragraph 18 of the Complaint.

19.    WillStaff denies the allegations of paragraph 19 of the Complaint.

20.    WillStaff denies the allegations of paragraph 20 of the Complaint.

21.    WillStaff denies the allegations of paragraph 21 of the Complaint and further denies Plaintiff is entitled to relief of any kind.

22.    WillStaff denies the allegations of paragraph 22 of the Complaint and further denies Plaintiff is entitled to relief of any kind.

23.    WillStaff adopts and incorporates by reference its responses to paragraphs 1-22 herein as if fully set out.

24.    WillStaff denies the allegations of paragraph 24 of the Complaint.

25.    WillStaff denies the allegations of paragraph 25 of the Complaint.

26.    WillStaff denies the allegations of paragraph 26 of the Complaint.

27.    WillStaff denies the allegations of paragraph 27 of the Complaint and further denies Plaintiff is entitled to relief of any kind.

28.    WillStaff denies the allegations of paragraph 28 of the Complaint and further denies Plaintiff is entitled to relief of any kind.

29.    In response to Plaintiff's Prayer for Relief, WillStaff denies that Plaintiff is entitled to the relief requested or any just relief, damages, award, or remedy of any kind.

WHEREFORE, WillStaff requests a judgment in its favor and an award of costs and fees.

This the 16th day of January, 2007.

s/James P. Alexander
James P. Alexander (ALE002)

s/Stacey T. Bradford
Stacey T. Bradford (THU004)
Bradley Arant Rose & White
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Phone: 205-521-8000
Fax: 205-521-8800
jalexander@bradleyarant.com
sbradford@bradleyarant.com

Attorneys for Defendant
WillStaff Crystal, Inc. d/b/a
WillStaff Worldwide

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jon C. Goldfarb, Esquire
Maury S. Weiner, Esquire
Ethan R. Dettling, Esquire
Wiggins, Childs, Quinn, & Pantazis
The Kress Building
301 19th Street North
Birmingham, AL 35203

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

Respectfully submitted,

s/Stacey T. Bradford
OF COUNSEL