IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VANIA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) 1:06CV1128-WKW |
| WILLSTAFF CRYSTAL, INC. d/b/a | ) |
| WILLSTAFF WORLDWIDE, | ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Vania Moore and Defendant WillStaff Crystal, Inc. d/b/a WillStaff Worldwide respectfully move this Court to enter a Protective Order. (A copy of the proposed Order is attached hereto as Exhibit A). The Protective Order is needed to ensure the confidentiality of certain information relating to Defendant's business and former and current employees which may be disclosed during discovery.

Respectfully submitted,

s/ Maury S. Weiner
Jon C. Goldfarb, Esq.
Maury S. Weiner, Esq.
Ethan R. Dettling, Esq.
Attorneys for Plaintiff Vania Moore
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

                s/ Stacey T. Bradford
James P. Alexander
Stacey T. Bradford
Attorneys for Defendant WillStaff Crystal, Inc.
   d/b/a WillStaff Worldwide
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VANIA MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 1:06CV1128-WKW |
| WILLSTAFF CRYSTAL, INC. d/b/a ) | |
| WILLSTAFF WORLDWIDE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PROTECTIVE ORDER**

Defendant, WillStaff Crystal, Inc. d/b/a WillStaff Worldwide ("Defendant") and Plaintiff, Vania Moore ("Plaintiff"), through their counsel, hereby request that this Court enter a Protective Order, pursuant to Fed. R. Civ. P. 26(c), containing the following protective provisions concerning certain documents or information that Defendant has provided or will provide to Plaintiff in response to discovery in this action. Understanding the sensitive, proprietary and competitive nature of the documents and information, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1.  All documents and information subject to the terms of this Protective Order shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION shall include:

    (a)  All documents and information Defendant produces as part of the personnel files of any of its employees or former employees (other

than Plaintiff) regarding medical information, benefits received, or confidential information;

(b) All payroll information concerning the salaries and wages of supervisory employees;

(c) All proprietary, financial or sales documents or information relating in any aspect to Defendant's business, clients or the manner in which Defendant conducts its business; and

(d) All documents marked as "Confidential" or "Protected Material."

2. The Plaintiff and her counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the Defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the Plaintiff's counsel in connection with this action who must agree to be bound by this Order before examining any materials produced under this Order; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The Plaintiff and her counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

The employees, experts and consultants of the Plaintiff's counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These employees,

experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

3. Upon request from Defendant's counsel within 60 days from the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall destroy (or return to counsel for the Defendant) all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the Plaintiff's counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product. After this 60 day period has elapsed, counsel for Plaintiff shall certify to counsel for Defendant that all such documents required to be destroyed or returned have been destroyed or returned. Such certification shall be made within 10 days of the destruction or return of the CONFIDENTIAL INFORMATION.

4. Before prior approval for further disclosure of CONFIDENTIAL INFORMATION is sought from the Court, counsel for the Plaintiff must confer with counsel for the Defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

5. If Plaintiff or Plaintiff's counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for the Defendant seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

6. Nothing in this Order shall prejudice the Defendant's right to make any use of, or disclose to any person, any material it has designated as CONFIDENTIAL INFORMATION, during the course of its normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENTIAL INFORMATION.

7. Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

8. Nothing in this Protective Order shall be construed as precluding Defendant or Plaintiff from objecting to the production or admissibility of CONFIDENTIAL INFORMATION on grounds other than confidentiality.

9. All notices, discovery responses and correspondence shall be made in a manner that protects the confidentiality of CONFIDENTIAL INFORMATION as provided in this Protective Order.

5

DONE and ORDERED this ___ day of _____, 2007.

_____
W. KEITH WATKINS
UNITED STATES DISTRICT COURT JUDGE